Argued November 17, decided December 2, rehearing denied December 30, 1913.

## WEST SHORE LUMBER CO. *v.* HOLLENBECK.

(136 Pac. 671.)

**Logs and Logging—Liens—Loss or Waiver.**

1. A contract that payment shall be made for logs, poles and piling when they shall be scaled and measured by purchasers and sold by defendant, and before any raft shall leave the waterfront of plaintiff, except the first raft, which shall be paid for before the second raft shall leave the waterfront and as soon as defendant shall have received his money from the purchaser, provided that the payment shall never be more than 30 days after the logs have been delivered at the waterfront, contemplates payments as fast as the logs are rafted, and requires payment within 30 days whether defendant sells the logs or not, and does not contemplate sales to third parties on credit, and does not defeat a lien on the property.

**Logs and Logging—Liens—Loss or Waiver.**

2. Under Section 7463, L. O. L., giving a lien to the owner of timber land for the price of timber cut, when the land owner permits several rafts to be taken away without payment he loses his lien thereon.

From Columbia: JAMES U. CAMPBELL, Judge.

Department 1. Statement by MR. JUSTICE BURNETT.

This is a suit brought by the West Shore Lumber Company, a corporation, against G. W. Hollenbeck and Parker Stennick, to foreclose a land owner's lien on some sawlogs cut upon such premises. The defendant Hollenbeck cut the logs under a contract for

their sale between him and the plaintiff, and the defendant Stennick claims as a purchaser from Hollenbeck.   From a decree for defendants, plaintiff appeals.

Affirmed.

For appellant there was a brief and an oral argument by *Mr. W. H. Powell.*

For respondent there was a brief and an oral argument by *Mr. Joel M. Long.*

Mr. Justice Burnett delivered the opinion of the court.

1. The admitted contract under which the parties operated contains this provision: "It is expressly understood and agreed that payments shall be made for such logs, poles, and piling whenever and at such times when the same shall be scaled and measured by purchasers thereof and sold by said party of the second part, and before any raft so unpaid for shall leave the waterfront where the same are rafted on the premises of the said party of the first part, excepting, however, the first raft which shall not exceed 250,000 feet, but the said stumpage on said first raft shall be paid for before the second raft shall leave such waterfront aforesaid in any event, and as soon as said party of the second part shall have received his money from the purchaser thereof: Provided, that the payment for the stumpage aforesaid shall never in any event exceed thirty days after such logs, poles, and piling has been delivered into the water at said waterfront."

It is plain from the excerpt quoted that the parties contemplated that the payments should be made on the logs as fast as the same were put into the water and rafted. The condition that the payments should never go by 30 days evidently meant that the defendant

Hollenbeck could not postpone payment beyond that date whether he contracted the logs for sale to other parties or not. The plain import of the provision is that payments should be made before the logs were taken away from the stream adjacent to the plaintiff's premises. It did not contemplate that sales to third parties should be made on credit nor operate to defeat the right to perfect a lien on the property.

2. The record discloses that the plaintiff had allowed a number of rafts to be taken away without collecting payment in full, and that, before the last two rafts constructed during the life of the contract had left its waterfront, the plaintiff filed notices of liens covering not only what it claimed to be due upon those particular rafts, but also the balances due on the former rafts which it had allowed to be sold and delivered to strangers to the contract. The statute under which the plaintiff here claims is Section 7463, L. O. L., which is as follows: "Any person who shall permit another to go upon his timber land and cut thereon sawlogs, spars, piles, or other timber has a lien upon such logs, spars, piles, and timber for the price agreed to be paid for such privilege, or for the price such privilege or the stumpage thereon would be reasonably worth, in case there was no express agreement fixing the price." The lien contemplated by this section is a claim upon the identical logs in question, and it is not admissible to permit a number of rafts to go without collecting the full amount due and expect to carry the balance on to rafts constructed in the future. When the plaintiff allowed the earlier rafts to go without collection of the amounts due or filing its notice of lien, as in ordinary cases, the balances due on those rafts at once became nonlienable.

The contract also contains another condition, as follows: "It is also expressly understood and agreed that

the twelve hundred dollars paid at the execution of this agreement aforesaid is received and held by the said party of the first part and is to be applied as follows: First. *If the said party of the second part shall cut and remove all the timber hereinbefore mentioned to be so cut and removed within the time hereinafter provided, and shall well and truly do and perform all the other conditions, agreements, and covenants herein specified and agreed to be done and performed on his part, then the same shall be applied upon and be the last payment and for the last timber so cut, removed, measured, scaled, and sold as logs, poles, and piling, and as the stumpage therefor, in accordance with the stumpage price for the same hereinbefore stipulated and specified.*" It was also stipulated concerning the $1,200 in substance that, if the defendant here should fail to comply with its agreement, the amount should be retained as stipulated and liquidated damages.

It is charged in the reply that the defendant Hollenbeck committed a breach of the contract in that he did not cut all the timber on the premises; the writing having stipulated that he should remove all, which may be styled for convenience "scattering timber." The plaintiff relies upon this as a breach authorizing it to retain the $1,200 as liquidated damages and refusing to credit it as a payment on the last timber. On this point we think the clear weight of the testimony is against the plaintiff, so that it has not shown any valid reason for declining to credit the $1,200. Excluding, therefore, the amounts claimed as balances on the former rafts, and applying the $1,200 in payment of the balance due, plaintiff has not shown a case authorizing the filing of a lien such as he relies upon in this suit. Without reference, therefore, to the actual state of the account between the parties, and deciding only on the case before us that no right to a lien properly

existed, it follows that the Circuit Court was right in dismissing the suit.

The decree is therefore affirmed.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.